UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEBRA MCKINNEY                                  CIVIL ACTION

VERSUS                                          NO. 13-4991

MAC ACQUISITION, LLC D/B/A ROMANO'S            SECTION: "G"(3)
MACARONI GRILL

ORDER AND REASONS

This litigation arises out of salmonella poisoning that Plaintiff Debra McKinney ("McKinney") suffered on November 15, 2011 and that led to McKinney being hospitalized for approximately one week. McKinney alleges that her salmonella poisoning resulted from eating at Romano's Macaroni Grill, which is owned by Defendant Mac Acquisition, LLC ("Mac Acquisition"), on the evening of November 14, 2011. McKinney brings a cause of action under Louisiana law for negligence against Mac Acquisition. This Court has jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and there is complete diversity between McKinney, a citizen of Louisiana, and Mac Acquisition, a Delaware limited liability company with its principal place of business in Texas, which is wholly owned by Ignite Restaurant, Inc., a Delaware corporation with its principal place of business in Texas.[1]

Before the Court is Mac Acquisition's "Motion to Exclude Louisiana Department of Health and Hospitals Reports."[2] After considering the pleadings, the pending motion, the memorandum in support, the opposition, the record, and the applicable law, the Court will deny the pending motion.

---

[1] Rec. Doc. 47 at 2–3.

[2] Rec. Doc. 32.

## I. Background

### A. Factual Background

Plaintiff in this action is Debra McKinney, a citizen of Louisiana, who ate at Defendant Mac Acquisition's restaurant Romano's Macaroni Grill in Mandeville, Louisiana on November 14, 2011. Plaintiff alleges that she contracted salmonella poisoning from that meal.[3] Her meal there consisted of a Caesar salad and chicken cannelloni.[4] Plaintiff also claims that in the two days prior to that meal she did not eat any poultry.[5] Rather, her meals on those days consisted of fish and possibly salad, both of which her boyfriend Joseph LaRocca prepared.[6]

On November 15, 2011, the day after eating at Romano's Macaroni Grill, McKinney alleges that she began to feel symptoms of nausea, vomiting, and diarrhea.[7] On November 16, 2011, McKinney sought treatment at Lake After Hours Urgent Care Facility.[8] McKinney's condition continued to deteriorate, and on November 17, 2011, she alleges that she fainted from dehydration.[9]

She was taken by ambulance to North Oaks Hospital on November 17, 2011, and was admitted into the hospital.[10] During her stay in the hospital, her stool sample was cultured, verifying

---

[3] Rec. Doc. 29-1 at 1.

[4] *Id.*

[5] *Id.* at 2.

[6] *Id.* at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

that she had contracted salmonella poisoning.[11] She remained hospitalized for over a week,[12] and continued to feel poorly for an additional two to three weeks after she was released from the hospital.[13]

### B. Procedural Background

Plaintiff McKinney initially filed this action in state court, and Defendant Mac Acquisition filed a Notice of Removal on the basis of diversity of citizenship on July 3, 2013.[14] On March 25, 2014, Mac Acquisition filed the pending Motion to Exclude Louisiana Department of Health and Hospitals Reports.[15] On April 15, 2014, McKinney filed a response in opposition to Mac Acquisition's Motion.[16]

## II. Parties' Arguments

### A. Defendant's Arguments in Support

In its Memorandum in Support, Mac Acquisition argues that the Louisiana Department of Health and Hospitals Reports dated February 19, 2010; December 10, 2012; June 7, 2013; and November 18, 2013, and the Food Complaint Report dated December 7, 2012 should be excluded from evidence because "the reports are not relevant as they are based on information from more than one year before and one year after the date of the alleged Salmonella infection on November 14, 2011 and expert testimony supports that there is no correlation between the results of restaurant

---

[11] *Id.* at 2–3.

[12] Defendant claims that McKinney was hospitalized there for only six days. *See, e.g.*, Rec. Doc. 47 at 2.

[13] Rec. Doc. 29-1 at 3.

[14] Rec. Doc. 1.

[15] Rec. Doc. 25.

[16] Rec. Doc. 29.

inspections and the instances of foodborne illness originating from restaurants."[17] Furthermore, Mac Acquisition argues that the reports should be excluded based on "the potential for confusion and the potential to mislead the jury regarding the relevant time period in relation to [McKinney's] Salmonella infection."[18]

Elaborating on its argument, Mac Acquisition notes that Mac Acquisition's expert witness, Dr. F. Brobson Lutz, testified in his deposition that "he does not know of any data showing a relationship between the number of health code violations a restaurant receives and the number of cases of food poisoning that are contracted at the restaurant."[19] Furthermore, Mac Acquisition maintains that the reports are not relevant to this case because "they date either more than one year before or one year after the alleged date of infection . . . ."[20] Specifically, Mac Acquisition contends that:

> The Retail Food Inspection Results dated February 19, 2010; December 10, 2012; June 7, 2013; and November 18, 2013 and the Food Complaint Report dated December 7, 2012 do not have "any tendency" to make Ms. McKinney's allegation that she contracted a Salmonella infection from [Romano's Macaroni Grill] "more or less probable" because the reports are too removed in time from the date of the alleged Salmonella poisoning: either one year before or one year after the alleged Salmonella contamination.[21]

Finally, Mac Acquisition argues that the reports should be excluded from evidence because "the reports are more prejudicial than probative and will create confusion and mislead the jury if

---

[17] Rec. Doc. 32-1 at 1.

[18] *Id.* at 1–2.

[19] *Id.* at 2.

[20] *Id.* at 2–3.

[21] *Id.* at 3.

allowed into evidence."[22] Mac Acquisition states that, "[T]hese reports will confuse and mislead the jury about the condition of the restaurant at the time Ms. McKinney allegedly became sick because of the lack of a temporal connection between the date of the reports and the date of the alleged contamination."[23]

### B. Plaintiffs' Arguments in Opposition

In opposition, McKinney contends that "the Retail Food Inspection Reports document a decline in restaurant and kitchen cleanliness between 2010 and 2012, with Plaintiff's dining experience and contraction of Salmonella infection falling directly within that period."[24] McKinney specifically points to a violation Romano's Macaroni Grill received in 2012—"less than eleven (11) months after [McKinney] contracted a Salmonella infection"—for storing food under a possible source of contamination.[25] According to McKinney, these violations are relevant because "[i]t is difficult to believe that a restaurant with a pristine kitchen on November 14, 2011, suddenly has a report in December of 2012 with twelve (12) violations in the kitchen alone (with another five (5) violations in the bar area)."[26]

As for the testimony of Defendant's expert witness, F. Brobson Lutz, that he knows of no data indicating a correlation between health code violations food-borne disease hospitalizations, McKinney points to two studies supporting a causal relationship between the two: *Impact of Restaurant Hygiene Grade Cards on Food-borne Disease Hospitalizations in Los Angeles County*

---

[22] *Id.* at 5.

[23] *Id.*

[24] Rec. Doc. 50-1 at 3.

[25] *Id.* at 3–4.

[26] *Id.* at 4.

and *Results of Routine Restaurant Inspections Can Predict Outbreaks of Food borne Illness: The Seattle-King County Experience*.[27] McKinney asserts that she should be allowed to introduce the food inspection reports into evidence and "let the jury weigh their value."[28] McKinney further contends that she should be allowed to impeach Dr. Lutz's testimony that no such connection exists.[29]

Finally, as to whether the reports' probative value is outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury under Federal Rule of Evidence 403, McKinney argues that "the jury pool is intelligent enough to decide if a dirty kitchen leads to food borne disease."[30]

### III. Law and Analysis

#### A. Relevancy of Evidence

Federal Rule of Evidence 401 provides that, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." While Federal Rule of Evidence 402 provides that irrelevant evidence is not admissible, Rules 402 and 403 specify circumstances under which *relevant* evidence is inadmissible. Federal Rule of Evidence 402 excludes relevant evidence where the admission of such evidence is proscribed by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules promulgated by the Supreme Court. In essence, under

---

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.* at 5.

Federal Rule of Evidence 402, "the essential prerequisite of admissibility is relevance."[31] Federal Rule of Evidence 403 provides that, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Fifth Circuit addressed the relevancy of evidence under the Federal Rules of Evidence at length in *United States v. Hall*. In *Hall*, the Fifth Circuit explained that under Federal Rule of Evidence 401, the definition of relevancy contains "two distinct requirements: (1) The evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action."[32]

The Fifth Circuit has addressed the admissibility of evidence in the context of parties seeking to exclude evidence on the basis of the potential for unfair prejudice.  Addressing this issue squarely in *Davidson Oil Country Supply, Inc. v. Klockner, Inc.*,[33] the Fifth Circuit explained that, "Merely because the testimony is adverse to the opposing party does not mean it is *unfairly* prejudicial. Frequently relevant testimony hurts as the opposing party hopes."[34] More generally, the Fifth Circuit has noted that "the trial court's discretion to admit or exclude evidence is generally broad, but competent evidence cannot be excluded without a sound and acceptable reason."[35] Indeed, the Fifth

---

[31] *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981) (citing Fed. R. of Evidence 402).

[32] *Id.*

[33] 908 F.2d 1238 (5th Cir. 1990).

[34] *Id.* at 1244–45.

[35] *Id.* at 1245.

Circuit has labeled the exclusion of relevant evidence an "extraordinary measure that should be used sparingly."[36] For that reason, "a district court has broad discretion in assessing admissibility [of relevant evidence] under Rule 403, and its determination is reviewed only for abuse [of discretion]" when it admits relevant evidence.[37] Such broad discretion is necessary so that district courts are free "to determine admissibility based on the unique facts of each case."[38]

### B. Mac Acquisition's Assertion that the Louisiana Department of Health and Hospitals Reports and the Food Complaint Report Should Be Excluded Because They are Irrelevant

Mac Acquisition's first objection to the Louisiana Department of Health and Hospitals Reports and the Food Complaint Report is that they are irrelevant because they were written either more than one year before or more than one year after McKinney's alleged salmonella poisoning. The reports are also irrelevant, according to Mac Acquisition, because there is no data showing a connection between the results of a restaurant's inspections and the incidence of food-borne illness. The Court rejects this argument. Although none of these reports documents an inspection on the day of McKinney's meal, the reports document the condition of Romano Macaroni Grill over a period of time overlapping the time in which McKinney dined at the restaurant. Inspections were conducted during a relevant period. Whether McKinney contracted a food-borne illness from her meal at Romano's Macaroni Grill is the central issue in this case. The reports bear on that question—whether McKinney could have contracted salmonella from Romano's Macaroni Grill—and are therefore relevant under Rule 401 of the Federal Rules of Evidence.

---

[36] *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996).

[37] *Id.*

[38] *Id.*

***B. Mac Acquisition's Assertion that the Reports Should Be Excluded Because They Pose the Risk of Confusing the Jury***

Mac Acquisition also urges this Court to exclude the Louisiana Department of Health and Hospitals Reports and the Food Complaint Reports because, even if they are relevant, they pose the danger of confusing the jury about when McKinney dined at Romano's Macaroni Grill. Under Rule 403 of the Federal Rules of Evidence, this Court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury." Counsel can mitigate any perceived risk by expressly informing the jury that the reports are dated from more than one year before and more than one year after McKinney's visit to Romano's Macaroni Grill. Accordingly, the reports are not subject to exclusion under Rule 403.

Considering that Fifth Circuit precedent provides that the exclusion of relevant evidence is an "extraordinary measure that should be used sparingly,"[39] and that Fifth Circuit precedent also provides that "competent evidence cannot be excluded without a sound and acceptable reason,"[40] and finally considering that the reports in question are relevant and pose little risk of confusing the jury, the Court finds there is no need to exclude the Louisiana Department of Health and Hospitals Reports and the Food Complaint Report.

---

[39] *United States v. Morris*, 79 F.3d at 412.

[40] *Davidson Oil Country Supply, Inc. v. Klockner, Inc.*, 908 F.2d at 1245.

**IV. Conclusion**

The Court finds that the  Louisiana Department of Health and Hospitals Reports and the

Food Complaint Report should not be excluded on the grounds they are irrelevant or, alternatively,

pose a danger of confusing the jury. Accordingly,

**IT IS HEREBY ORDERED** that the motion is **DENIED.**

**NEW ORLEANS, LOUISIANA** this  17th  day of April, 2014.


**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

10